UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY JANSEN,

      Plaintiff,                                       Case No: 1:11-cv-509

v                                                    HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration to deny disability insurance benefits. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation. Defendant filed a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which Plaintiff objects. The Court denies the objections and enters this Opinion and Order.

I. Credibility Evaluation

The ALJ found that Plaintiff's testimony regarding her subjective limitations was "not fully credible" (A.R. 681-82). Plaintiff objects to the Magistrate Judge's recommendation to affirm the ALJ's credibility determination (Objs., Dkt 20 at 1). Specifically, Plaintiff contends that the ALJ failed to provide any explanation, much less a clear specific explanation, articulating the reasons for

the weight given to her statements (*id.* at 2). Plaintiff complains that the Magistrate Judge, in turn, improperly found that her "extensive activities undercut her claims of disabling functional limitations" (*id.*; R&R, Dkt 19 at 15). Plaintiff argues that the Magistrate Judge should not provide reasons for evaluating her credibility but should instead review the ALJ's reasons to see if they are sufficiently specific and clear to allow subsequent reviewers to evaluate those reasons (*id.*). Alternatively, Plaintiff argues that the Magistrate Judge provided a description of her activities that was "unfairly incomplete" inasmuch as the description did not include any discussion of Plaintiff's periodic depression (*id.* at 3).

Plaintiff's objection is without merit.

The Magistrate Judge properly reviewed the ALJ's credibility determination in light of the applicable standards and authority. Specifically, the Magistrate Judge decided that the ALJ, in determining that Plaintiff's testimony regarding her subjective limitations was not fully credible, complied with the requirement to provide sufficiently specific reasons for his determination. *See Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The Magistrate Judge delineated the ALJ's reasons for his credibility finding in the Report and Recommendation (Dkt 19, R&R at 13-14). The Magistrate Judge properly determined that "[w]hile the ALJ could have stated his findings with greater precision, what he did find was sufficiently specific to pass appellate review" (*id.* at 14). Further, the Magistrate Judge properly considered the import of Plaintiff's activities to the credibility determination inasmuch as one of the ALJ's reasons for his credibility determination was that "[Plaintiff] engages in a full range of activities of daily living" (*id.* at 13). Plaintiff has simply not demonstrated any error in the Magistrate Judge's recommendation to this Court to affirm the ALJ's credibility determination.

II. Treating Source Opinion

Plaintiff makes three arguments in support of her second objection to the Report and Recommendation that the Magistrate Judge incorrectly framed the issue regarding the weight to be afforded the treating source opinion of Michael Thebert, M.D. First, Plaintiff argues that the ALJ made a "major factual error" in stating that Dr. Thebert's progress notes generally indicated that Plaintiff had only "mild" signs of depression and that the Magistrate Judge recommended affirmance of the ALJ's decision without addressing this factual error and, in fact, perpetuated the error in the Report and Recommendation (Objs., Dkt 20 at 4-5). Additionally, Plaintiff argues that using a standard of "general ability" ignores the "periodic inability to work" (*id.* at 5). Last, Plaintiff argues that the Magistrate Judge never discussed her argument that the ALJ improperly determined that Dr. Thebert "mainly" referred to 2004, when, according to Plaintiff, Dr. Thebert's only reference to 2004 was the September 2004 clinical record and the rest of his opinion discussed her level of function from 2002 through August 2005 (*id.*).

Plaintiff's objection is without merit.

Again, the Magistrate Judge properly reviewed the ALJ's decision in light of the applicable standards and authority. Specifically, the Magistrate Judge decided that the ALJ complied with the procedural requirement of providing "good reasons" for the weight he accorded to Dr. Thebert's opinion. *See generally Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The Magistrate Judge delineated these reasons and properly determined that the ALJ had offered a reasonable basis for how he reconciled the evidentiary conflicts in the medical evidence of record (Dkt 19, R&R at 17-18). That Plaintiff disagrees, for various reasons, with the weight the ALJ gave Dr. Thebert's opinion does not demonstrate error requiring reversal. *See Bass v. McMahon*, 499

F.3d 506, 512 (6th Cir. 2007) ("*Wilson* requires reversal when a treating physician's opinion was ignored and no reasons for doing so were provided. . . . That is not the case we have here.").

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 20) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 19) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: March 29, 2013                         /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge